UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| C.A.P.R., | Case No. 2:26-cv-00287-CDS-EJY |
| Petitioner | Order Granting in Part Petition for Writ of Habeas Corpus, Denying as Moot Petitioner's Emergency Motion, and Granting in Part Petitioner's Motion for Leave |
| v. | |
| John Mattos, et al., | |
| Respondents | [ECF Nos. 1, 5, 10] |

Petitioner C.A.P.R. is a noncitizen who entered the United States in September 2023, seeking asylum. Pet., ECF No. 1 at 10. The petitioner was apprehended at the border upon entry, but he was released from custody on an Order of Release on Recognizance (OREC) pursuant to 8 U.S.C. § 1226(a) after DHS determined that he was not a flight risk or danger. *Id.* He timely filed an I-589 Application for Asylum and Withholding of Removal. *Id.* at 14. On January 26, 2026, he was detained during a routine check-in with ICE. *Id.* at 1. To date, the petitioner has no pending criminal charges, history of violence, or record of noncompliance with immigration supervision. *Id.* at 14. He is also not subject to a final order of removal. *Id.* at 15.

The petitioner has three matters pending with this court: (1) a petition for writ of habeas corpus, ECF No. 1; (2) an emergency motion for a show-cause order, ECF No. 5; and (3) a motion for leave to proceed under a pseudonym, ECF No. 10. For the reasons set forth below, I grant in part the petition and the motion for leave, but I deny as moot the petitioner's emergency motion for a show-cause order.

I. **Writ of habeas corpus (ECF No. 1)**

   A. **Legal standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody

upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### B. Discussion

In his petition for writ of habeas corpus, the petitioner asserts several claims for relief: (1) unlawful re-detention in violation of the Fifth Amendment's Due Process Clause and agency regulations; (2) unreasonable seizure in violation of the Fourth Amendment, 8 U.S.C. §§ 1226(a), 1357(a)(2); (3) statutory violation of the INA, agency regulations and the *Accardi* doctrine; and (4) violation of the Fifth Amendment right to procedural and substantive due process. ECF No. 1. As for relief, the petitioner asks this court to order the respondents to immediately release him from custody or, alternatively, to provide him with a bond hearing before an immigration judge within 48 hours. *Id.* He argues that such relief is necessary to remedy his unlawful arrest and detention. *Id.* at 17. Specifically, he argues that the INA prohibits warrantless civil immigration arrests unless the officer has reason to believe that the individual is both unlawfully present and "likely to escape before a warrant can be obtained." *Id.* (first citing 8 U.S.C. § 1226; then citing 8 U.S.C. § 1357(a)(2)). The petitioner therefore contends that his arrest was unlawful under the INA because it was not made pursuant to a warrant or a reasonable belief that he was likely to escape before a warrant could be obtained. *Id.*

The respondents argue that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he was present in the United States without being admitted or paroled, and that the petition should be dismissed because it lacks any evidentiary support. ECF No. 12. However, they concede that this court has held that § 1226 governs this immigration detention of petitioners whom DHS find to be "applicants for admission" under § 1225(b)(2)(A).

*Id.* at 45 (citing *Baca Beltrand v. Mattos*, No. 25-cv-01430, 2025 WL 3205283 (D. Nev. Nov. 14, 2025)).

Here, for the same reasoning set forth in *Baca Beltrand*, I find that § 1226(a) controls the petitioner's detention. And applying that statutory framework, I find that that the petitioner's due process rights have been violated.

Authority delegated to the Attorney General, such as those related to immigration proceedings, is still subject to the requirements of due process. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. And the Supreme Court has repeatedly recognized "that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979).

In this case, DHS revoked its prior § 1226(a) determination, changing the petitioner's status to an "applicant for admission" or "arriving alien" subject to expedited proceedings and mandatory detention under 8 U.S.C. § 1225. *See* ECF No. 1 at 15. This was a significant change in status given aliens detained under § 1225 are not entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").

But DHS already determined that the petitioner was an alien eligible for bond under 8 U.S.C. § 1226 more than two years ago, so their new policy interpretation is directly at odds with their own records. "[D]ue process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement "outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 950 (9th Cir 2008) (quoting *Zadvydas*, 533 U.S. at 690). The respondents' reclassification of the petitioner pursuant to its new policy interpretation failed to

3

provide him adequate procedural protections. This is especially so in light of the lack of evidence regarding new criminal charges or a change in circumstances. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017) (nothing that when the release decision was made by a DHS officer, not an immigration judge, it is the government's practice to require a showing of changed circumstances before re-arrest).

Here, ICE arrested the petitioner during his routine check-in with the agency. I therefore find the respondents' new interpretation of § 1225 to be incorrect and, in turn, its application to the petitioner to be unlawful. For years the petitioner was suitable for release on supervision. Detaining him without notice or an opportunity to be heard therefore violated his Fifth Amendment right to due process. So, I grant his petition in part. The court orders that the petitioner be treated as a detained alien pursuant to 8 U.S.C. § 1226(a) and that he be released on the terms of the 2023 OREC. If ICE seeks to redetermine the petitioner's release, then the petitioner must receive a bond hearing before an immigration under § 1226.

The petitioner also requests costs and attorney's fees. ECF No. 1 at 51. The Equal Access to Justice Act (EAJA) provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The petitioner's requested fees and costs under the EAJA is premature because the court has not yet entered a final judgment. Thus, the request is denied without prejudice. The court will consider a motion seeking reasonable fees and costs under the EAJA if filed within thirty days of the judgment.

II.     Motion for leave to proceed under a pseudonym (ECF No. 10)

The petitioner moves for leave to proceed under a pseudonym (his initials) and to redact or seal identifying information in all public filings. Mot., ECF No. 10. The motion is unopposed. The petitioner argues that the relief sought is narrowly tailored to protect his safety and the confidentiality interests mandated by federal asylum law, without prejudicing the respondents or unduly restricting public access to the proceedings. *Id.* He further argues that the filings in the instant matter necessarily reference his pending Form I-589 Application for Asylum and Withholding of Removal, and sensitive facts related thereto that, if made public, could create a risk of retaliation to the petitioner and his family.

"[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). When "pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

Here, the petitioner seeks to use his initials as a pseudonym in order to protect himself and his family from a risk of retaliation. But the petitioner does not describe the severity of the risk, the reasonableness of his fears, or the vulnerability to such retaliation. Even so, the Ninth Circuit has recognized that "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Id.* at 1069. The court is sensitive to the fact that the petitioner's asylum application is pending and

that describing nature of the harm that he seeks asylum from could interfere with the relief that asylum offers. As such, I grant in part his motion for leave to proceed under a pseudonym. Specifically, I grant the requested relief for filings made before a decision on his asylum application is made. Thereafter, the petitioner must renew his motion for leave if he wishes for the relief granted therein to continue **within 30 days** after his asylum application is granted or denied.

III.    Conclusion

IT IS HEREBY ORDERED that the petitioner's petition for writ of habeas corpus **[ECF No. 1] is granted in part,** as set forth in this order. The respondents are ordered to release the petitioner within twenty-four hours, by 5:00 p.m., on March 14, 2026. The petitioner's supervised release from custody will be pursuant to the 2023 OREC's terms.

IT IS FURTHER ORDERED that the petitioner's emergency motion for a show-cause order **[ECF No. 5] is denied as moot.**

IT IS FURTHER ORDERED that the petitioner's motion for leave to proceed under a pseudonym and to redact or seal identifying information **[ECF No. 10] is granted in part,** as set forth in this order.

IT IS FURTHER ORDERED that the parties must file a joint status report indicating compliance with the court's order by Tuesday, March 24, 2026. The status report must also include the parties' position regarding whether this matter should remain open or can be closed, if the petitioner's counsel is seeking fees and costs under EAJA, and if judgment should be entered accordingly.

Dated: March 13, 2026

_____
Cristina D. Silva
United States District Judge